[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11197
Non-Argument Calendar

_____

D.C. Docket No. 3:05-cv-01267-MMH-JRK

JACKSONVILLE PROPERTY RIGHTS ASSOCIATION, INC.,
a Florida non-profit corporation,
HORTON ENTERPRISES, INC.,
a Florida corporation,
d.b.a. The New Solid Gold,
HARTSOCK ENTERPRISES, INC.,
a Florida corporation,
d.b.a. Doll House,

Plaintiffs - Appellants,

E.M.R.O. CORPORATION, INC., etc., et al.,

Plaintiffs,

versus

CITY OF JACKSONVILLE, FLORIDA,
a Florida municipal corporation,

Defendant - Appellee.

———————————————

Appeal from the United States District Court
for the Middle District of Florida

———————————————
(November 13, 2012)

Before TJOFLAT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

In Jacksonville Property Rights Ass'n, Inc. v. City of Jacksonville, 635 F.3d 1266, 1277 (11th Cir. 2011), we dismissed the parties' appeals, vacated the District Court's judgment, and remanded the case to the District Court "with instructions to dismiss this action." Following the issuance of our mandate, appellants moved the District Court for leave to amend their complaint and for other relief. The District Court, following the mandate rule, see Piambino v. Bailey, 757 F.2d 1112, 1120 (11th Cir. 1985), dismissed the case[1], "reserv[ing] jurisdiction to consider any timely filed motions for attorneys' fees and costs."

Appellants now appeal the District Court's ruling. The District Court did precisely what our mandate instructed it to do, i.e., dismiss the action. We accordingly affirm.

---

[1] We construe the dismissal to be without prejudice, since the basis for our disposition of the parties' appeals was that the case was moot.

2

AFFIRMED.